**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRILL MCDONALD and MARIEL BAEZ, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br>   -against-<br><br>H & M HENNES & MAURITZ, L.P. and H&M FASHION USA INC.,<br><br>                    Defendant. | No: 24 Civ. 2476<br><br>CLASS ACTION COMPLAINT |

Terrill McDonald and Mariel Baez ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1.   This action arises out of H & M Hennes & Mauritz, L.P. and H&M Fashion USA, Inc.'s ("Defendants" or "H&M") failure to comply with the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL") and the New York City Fair Workweek Law, Title 20, Chapter 12 of the New York City Administrative Code ("Fair Workweek Law").

2.   This lawsuit seeks to recover damages for Plaintiffs and similarly situated overtime-eligible positions (collectively, "Retail Workers") who work or have worked for Defendants in New York.

1

3. At all relevant times, Defendants compensated Plaintiffs and all other Retail Workers on either an hourly basis or on a salary plus overtime basis.

4. Until approximately January 2023, Defendants compensated Plaintiffs and all other Retail Workers on a bi-weekly basis.

5. Despite being manual workers, Defendants have failed to properly pay Plaintiffs and Retail Workers in New York their wages within seven calendar days after the end of the week in which these wages were earned.

6. In this regard, Defendants have failed to provide timely wages to Plaintiffs and all other similarly situated Retail Workers in New York.

7. Manual Workers as contemplated by NYLL § 191 are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955)

8. As such, the failure to provide wages owed to Plaintiffs and all other similarly situated Retail Workers, according to NYLL § 191 constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019).

9. New York City passed the Fair Workweek Law to require retail employers to provide their employees with predictable schedules with advance notice.

10. Defendants have violated the Fair Workweek Law by failing to provide predictable schedules with at least 72 hours' notice, cancelling and/or shortening employees' shifts with less than 72 hours' notice, requiring an employee to work additional time with less than 72 hours' notice without written consent. *See* N.Y.C. Admin. Code §§ 20-1251, 20-1252.

11. Plaintiffs bring this action on behalf of themselves and all similarly situated current

and former Retail Workers pursuant who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and other similarly situated employees of their lawfully earned wages.

12. Plaintiffs also bring this action on behalf of themselves and all other similarly situated Retail Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the NYLL.

13. Plaintiffs also bring this action on behalf of themselves and all other similarly situated Retail Workers in New York City pursuant to Rule 23 to remedy violations of the Fair Workweek Law.

## THE PARTIES

**Plaintiffs**

**Terrill McDonald**

14. Terrill McDonald ("McDonald") is an adult individual who is a resident of the State of New York.

15. McDonald was employed by Defendants at H&M in New York City as a sales advisor supervisor, a retail worker, from approximately 2012 until 2018, and then as a supervisor, a retail worker, from in or around October 2022 until October 13, 2023.

16. McDonald is a covered employee within the meaning of the FLSA, the NYLL, and the Fair Workweek Law.

17. A written consent form for McDonald is being filed with this Class Action Complaint.

**Mariel Baez**

18. Mariel Baez ("Baez") is an adult individual who is a resident of the State of Pennsylvania.

19. Baez was employed by Defendants as department manager, a retail worker, at H&M in New York City from in or around 2011 until September 2023.

20. Baez is a covered employee within the meaning of the FLSA, the NYLL, and the Fair Workweek Law.

21. A written consent form for Baez is being filed with this Class Action Complaint.

**Defendants**

22. Defendants have employed and/or jointly employed Plaintiffs and similarly situated employees at all times relevant.

23. Each Defendant has had a substantial control over Plaintiffs' and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

24. Defendants are part of a single integrated enterprise that has jointly employed Plaintiffs and similarly situated employees at all times relevant.

25. During all relevant times, Defendants' operations have been interrelated and unified.

26. During all relevant times, Defendants have shared a common upper management and have been centrally controlled and or owned by Defendants.

27. During all relevant times, Defendants have centrally controlled the labor relations at the H&M stores, owned by Defendants.

**H & M Hennes & Mauritz, L.P.**

28. H & M Hennes & Mauritz, L.P. is a foreign business corporation organized and

existing under the laws of New Jersey.

29. H & M Hennes & Mauritz, L.P.'s main business address is 300 Lightening Way, Suite 100, Secaucus, New Jersey 07094.

30. H & M Hennes & Mauritz, L.P. is the payer listed on Plaintiffs' paystubs for work performed for Defendant.

31. H & M Hennes & Mauritz, L.P. was and is a covered employer within the meaning of the FLSA, the NYLL, and the Fair Workweek Law, and at all times relevant, employed Plaintiffs and similarly situated employees.

32. H & M Hennes & Mauritz, L.P. is a "retail establishment" under the Fair Workweek Law because it has over 20 or more employees and is engaged primarily in the sale of consumer goods at one or more stores within New York City. N.Y.C. Admin. Code §20-1201.

33. H & M Hennes & Mauritz, L.P. has maintained control, oversight, and direction over Plaintiffs and Retail Workers, including timekeeping, payroll, and other employment practices that applied to them.

34. H & M Hennes & Mauritz, L.P. applies the same employment policies, practices, and procedures to all Retail Workers in its operation, including policies, practices, and procedures with respect to payment of wages and scheduling.

35. H & M Hennes & Mauritz, L.P. has had an annual gross volume of sales in excess of $500,000.

36. At all times relevant, H & M Hennes & Mauritz, L.P. has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce.

37. In this regard, employees for H & M Hennes & Mauritz, L.P. regularly handled

goods in interstate commerce, including, but not limited to, clothing items, cleaning products, and other supplies produced outside the State of New York.

**H&M Fashion USA, Inc.**

38.     H&M Fashion USA, Inc. is a foreign business corporation organized and existing under the laws of New Jersey.

39.     H&M Fashion USA, Inc.'s main business address is 300 Lightening Way, Suite 100, Secaucus, New Jersey 07094.

40.     H&M Fashion USA, Inc. merged with H & M Hennes & Mauritz L.P. in November 2023.

41.     H&M Fashion USA, Inc. was and is a covered employer within the meaning of the FLSA, the NYLL, and the Fair Workweek Law, and at all times relevant, employed Plaintiffs and similarly situated employees.

42.     H&M Fashion USA, Inc. is a "retail establishment" under the Fair Workweek Law because it has over 20 or more employees and is engaged primarily in the sale of consumer goods at one or more stores within New York City. N.Y.C. Admin. Code §20-1201.

43.     H&M Fashion USA, Inc. has maintained control, oversight, and direction over Plaintiffs and Retail Workers, including timekeeping, payroll, and other employment practices that applied to them.

44.     H&M Fashion USA, Inc. applies the same employment policies, practices, and procedures to all Retail Workers in its operation, including policies, practices, and procedures with respect to payment of wages and scheduling.

45.     H&M Fashion USA, Inc. has had an annual gross volume of sales in excess of $500,000.

46. At all times relevant, H&M Fashion USA, Inc. has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce.

47. In this regard, employees for H&M Fashion USA, Inc. regularly handled goods in interstate commerce, including, but not limited to, clothing items and other supplies produced outside the State of New York.

## JURISDICTION AND VENUE

48. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiffs' state and city law claims pursuant to 28 U.S.C. § 1367.

49. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

50. Defendant is subject to personal jurisdiction in New York.

51. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly-situated persons who work or have worked as Retail Workers for H&M who elect to opt-in to this action (the "FLSA Collective").

53. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the FLSA Collective promptly, or within 7 calendar days after they performed work.

54. Consistent with Defendants' policies and patterns or practices, Plaintiffs and the FLSA Collective were not promptly paid their minimum wages and/or overtime wages for all

hours worked greater than forty (40) per workweek.

55. "Although the FLSA does not explicitly require that wages be paid on time, the courts have long interpreted the statute to include a prompt payment requirement." *See Rogers v. City of Troy*, 148 F.3d 52, 55 (2d Cir. 1998) (citing *United States v. Klinghoffer Bros. Realty Corp.*, 285 F2d 487 (2d Cir. 1960).

56. As explained in *Rogers*, 148 F.3d at 56, subsequent to the Supreme Court's decision in *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945), courts have interpreted the holding "to mean that 'the FLSA requires the employer to pay on time.'" *Calderon v. Witvoet*, 999 F.2d 1101, 1107 (7th Cir. 1993).

57. Here, where Defendants have clearly failed to pay its Retail Workers "on time" under New York Labor Law, logically it follows that Defendants have also violated the prompt payment requirement of the FLSA.

58. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees promptly, including Plaintiffs and the FLSA Collective, any overtime wages for all hours worked in excess of 40 hours per workweek.

## CLASS ACTION ALLEGATIONS

59. Plaintiffs bring the Second Cause of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Retail Workers for
> H&M in New York State between August 17, 2017[1] and the

---

[1] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

8

date of final judgment in this matter (the "NYLL Class").

60. Plaintiffs bring the Third, Fourth, and Fifth Causes of Action, Fair Workweek claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Retail Workers for H&M in New York City between April 1, 2022 and the date of final judgment in this matter (the "FWW Class").

61. The members of the NYLL Class and the FWW Class (together, the "New York Classes") each are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

62. There are more than fifty members of each of the New York Classes.

63. Plaintiffs' claims are typical of those claims that could be alleged by any member of the New York Classes, and the relief sought is typical of the relief which would be sought by each member of the New York Classes in separate actions.

64. Plaintiffs and the New York Classes have all been injured due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Classes.

65. Plaintiffs are able to fairly and adequately protect the interests of the New York Classes and has no interests antagonistic to the New York Classes.

66. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

67. A class action is superior to other available methods for the fair and efficient

adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

68. Common questions of law and fact exist as to the New York Classes that predominate over any questions only affecting Plaintiffs and/or each member of the New York Classes individually and include, but are not limited to, the following:

    (a) whether Defendants failed to timely pay Plaintiffs and the NYLL Class;

    (b) whether Defendant failed to provide each employee in the FWW Class with advance notice of schedule, pursuant to N.Y.C. Admin. Code § 20-1252;

    (c) whether Defendant cancelled or reduced the hours of the members of the FWW Class's shifts in violation of N.Y.C. Admin. Code § 20-1251;

    (d) whether Defendant obtained written consent from the members of the FWW Class to work additional time outside of their schedule, pursuant to N.Y.C. Admin. Code § 20-1251; and

    (e) whether Defendants maintained records that document their compliance with each of the above requirements of the Fair Workweek Law for three years. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7- 609(a).

## **PLAINTIFFS' FACTUAL ALLEGATIONS**

69. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs, individually, as follows:

**Terrill McDonald**

70. McDonald was employed at the H&M, a retail establishment, in Brooklyn, New York, as a sales advisor supervisor, a retail worker, from approximately 2012 until 2018, and then as a supervisor, a retail worker, from in or around October 2022 until October 13, 2023.

71. As a retail employee at H&M, McDonald performed duties for Defendants that included opening, moving, stacking, and lifting boxes, stocking shelves and clothing racks, hanging and folding clothes, cleaning and organizing the store, standing for long periods of time, customer service, and other similar responsibilities.

72. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, McDonald has been compensated by Defendants on a bi-weekly basis.

73. As a result of Defendants' untimely wage payments, McDonald was underpaid and thus, denied the time-value of his money by Defendants' underpayments. McDonald was unable to invest, save, or purchase utilizing the wages he earned and were owed on a weekly basis.

74. Defendants regularly failed to post at the workplace and provide McDonald with a written work schedule at least 72 hours before the first day of each schedule in violation of N.Y.C. Admin. Code § 20-1252.

75. During McDonald's employment, Defendants regularly cancelled and/or shortened McDonald's schedule by more than 15 minutes with less than 72 hours' notice in violation of N.Y.C. Admin. Code § 20-1251.

76. Defendants also required McDonald to work additional time with less than 72 hours' notice and without obtaining written consent in advance, in violation of N.Y.C. Admin. Code § 20-1251.

**Mariel Baez**

77. Baez was employed at H&M, a retail establishment located in New York, New York, as department manager, a retail worker, worker at H&M in New York City from in or around 2011 until September 2023.

78. As a retail employee at H&M, Baez performed duties for Defendants that included

11

opening, moving, stacking, and lifting boxes, stocking shelves and clothing racks, hanging and folding clothes, cleaning and organizing the store, standing for long periods of time, customer service, and other similar responsibilities.

79. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Baez has been compensated by Defendants on a bi-weekly basis.

80. As a result of Defendants' untimely wage payments, Baez was underpaid and thus, denied the time-value of her money by Defendants' underpayments. Baez was unable to invest, save, or purchase utilizing the wages she earned and were owed on a weekly basis.

81. Defendants regularly failed to post at the workplace <u>and</u> provide Baez with a written work schedule at least 72 hours before the first day of each schedule in violation of N.Y.C. Admin. Code § 20-1252.

82. During Baez's employment, Defendants regularly cancelled and/or shortened Baez's schedule by more than 15 minutes with less than 72 hours' notice in violation of N.Y.C. Admin. Code § 20-1251.

83. Defendants also required Baez to work additional time with less than 72 hours' notice and without obtaining written consent in advance, in violation of N.Y.C. Admin. Code § 20-1251.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Prompt Payment
### (Brought on behalf of Plaintiffs and the FLSA Collective)

84. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

85. The provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

86. Defendants failed to promptly pay Plaintiffs and the FLSA Collective the minimum

wages and/or premium overtime wages for all hours worked in excess of 40 per workweek, to which they were entitled under the FLSA

87. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being paid late, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiffs and the NYLL Class)

88. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

89. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiffs and the NYLL Class.

90. Defendants failed to pay Plaintiffs and the NYLL Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiffs and the NYLL Class being underpaid.

91. Due to Defendants' violations of the NYLL, Plaintiffs and the NYLL Class are entitled to recover from Defendants the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## THIRD CAUSE OF ACTION
### Fair Workweek Law – Advance Notice of Work Schedules
### (Brought on behalf of Plaintiffs and the FWW Class)

92. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

93. Defendants are required to provide employees with written notice of their work schedules at least 72 hours before the first day of each schedule. N.Y.C. Admin. Code § 20-1252.

94. Defendants are also required to maintain records of each written schedule provided to each employee. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a)(1)(iii). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

95. Defendants committed a violation of Section 20-1252 of the Fair Workweek Law each week it failed to provide each employee with that employee's written work schedule 72 hours in advance.

96. Due to Defendants' violations of the Fair Workweek Law, Plaintiffs and the FWW Class have been deprived of a predictable work schedule and are entitled to recover from Defendants compensatory damages and any other relief required to make the employee whole, and reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
**Fair Workweek Law – Shift Shortenings and/or Cancellations**
**(Brought on behalf of Plaintiffs and the FWW Class)**

97. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

98. With limited exception, Defendants could not cancel or reduce the hours in an employee's shift by more than 15 minutes less than 72 hours before the start of the shift. N.Y.C. Admin. Code § 20-1251.

99. Defendants committed a violation of Section 20-1251 of the Fair Workweek Law each week it cancelled or reduced an employee's shift by more than 15 minutes less than 72 hours in advance.

100. Due to Defendants' violations of the Fair Workweek Law, Plaintiffs and the FWW Class have been deprived of a predictable work schedule and are entitled to recover from Defendants

14

compensatory damages and any other relief required to make the employee whole, and reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### Fair Workweek Law – Additional Work Time
**(Brought on behalf of Plaintiffs and the FWW Class)**

101. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

102. Defendants could not require members of the FWW Class to work additional time within 72 hours before the start of a shift, without obtaining written consent in advance of the additional time.

103. Defendants committed a violation of Section 20-1251 of the Fair Workweek Law each time it required an employee to work additional time with less than 72 hours' notice and failed to obtain written consent in advance.

104. Due to Defendants' violations of the Fair Workweek Law, Plaintiffs and the FWW Class have been deprived of a predictable work schedule and are entitled to recover from Defendants compensatory damages and any other relief required to make the employee whole, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A.   That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all Retail Workers in the United States who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Defendants.

Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Promptly paid compensation and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiffs as representatives of the NYLL and the FWW Classes and counsel of record as Class Counsel;

E. Liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F. Compensatory damages and any other relief required to make Retail Workers whole;

G. Pre-judgment and post-judgement interest, as provided by law; and

H. Reasonable attorneys' fees and costs of the action; and

I. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
April 1, 2024

Respectfully submitted,

/s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer

Dana M. Cimera
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiffs and
the Putative Classes*

## FAIR LABOR STANDARDS ACT CONSENT

1. I consent to be a party plaintiff in a lawsuit against H&M and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_Terrill McDonald (Nov 9, 2023 12:23 EST)_
Signature

Terrill McDonald
Full Legal Name (Print)

## FAIR LABOR STANDARDS ACT CONSENT

1. I consent to be a party plaintiff in a lawsuit against H&M Fashion USA, Inc., H & M, Hennes & Mauritz, L.P. /or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_Mariel Baez (Apr 1, 2024 17:51 EDT)_
Signature

**Mariel Baez**
Full Legal Name (Print)