USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
TERRILL MCDONALD and MARIEL BAEZ,       :
individually and on behalf of all others similarly   :
situated,                               :
                                        :
                        Plaintiffs,     :           24-CV-2476 (VEC)
                                        :
            -against-                   :           OPINION & ORDER
                                        :
                                        :
H&M FASHION USA INC.,                   :
                                        :
                        Defendant.      :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiffs Terrill McDonald and Mariel Baez initiated this action against H&M Fashion

USA Inc. ("Defendant" or "H&M") in their individual capacities and on behalf of all others

similarly situated. Plaintiffs allege that Defendant's practice of paying retail workers on a

biweekly, rather than weekly, basis violates the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et

seq.* ("FLSA"), and the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL"). Plaintiffs also

allege that Defendant's work-scheduling practices violate the New York City Fair Workweek

Law, Title 20, Chapter 12 of the New York City Administrative Code ("FWW").

Defendant moved to dismiss. While that motion was pending, Plaintiffs moved for

certification of a collective under the FLSA. For the following reasons, Defendant's motion to

dismiss is GRANTED in part and DENIED in part. Defendant may renew the portion of its

motion that was denied following jurisdictional discovery. Plaintiffs' motion to certify a

collective is DENIED as moot.

1

## BACKGROUND[1]

H&M is a foreign business corporation organized under the laws of Wisconsin. Am. Compl., Dkt. 18, ¶ 23. Plaintiff Terrill McDonald is a New York resident who was employed by Defendant in New York City from approximately 2012 until 2018 and from approximately October 2022 until October 13, 2023. *Id.* ¶¶ 15–16. Plaintiff Mariel Baez is a Pennsylvania resident who was employed by Defendant from approximately 2011 through September 2023. *Id.* ¶¶ 19–20. McDonald and Baez spent over 25 percent of their shifts as manual workers, performing physical tasks, such as moving boxes, stocking shelves, hanging and folding clothes, and cleaning the stores. *Id.* ¶¶ 59–60, 69–70. H&M compensated both on a bi-weekly basis. *Id.* ¶¶ 60, 70.

On April 1, 2024, Plaintiffs brought this lawsuit individually and on behalf of putative class members. *See* Compl., Dkt. 1.[2] Specifically, Plaintiffs' first cause of action, an FLSA claim, is brought on behalf of all similarly-situated persons who work or have worked as retail workers for Defendant (the "FLSA Collective"). It is premised on Defendant's failure to pay Plaintiffs and the FLSA Collective weekly. Am. Compl. ¶¶ 40–41, 79–82. Plaintiffs' remaining causes of action are brought on behalf of putative classes pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *Id.* ¶ 36. Plaintiffs allege H&M violated the NYLL by failing to pay class members weekly (the "NYLL Class"), *id.* ¶¶ 47, 83–86, and the FWW through a variety of work-scheduling practices. (the "FWW Class"), *id.* ¶¶ 48, 87–99.

---

[1] The Court presumes the truth of the well pled factual allegations in the Amended Complaint at this stage in the litigation. *See Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019).

[2] The operative complaint is the Amended Complaint. *See* Dkt. 18. Plaintiffs invoke federal question, supplemental, and Class Action Fairness Act of 2005 jurisdiction. Am. Compl. ¶¶ 34–36.

Defendant moved to dismiss the Amended Complaint. *See* Dkt. 22. While Defendant's motion was pending, Plaintiffs moved for preliminary certification of an FLSA Collective, court-authorized notice, and expedited discovery, pursuant to 29 U.S.C. § 216(b). *See* Dkt. 35.

## DISCUSSION

### I. Motion to Dismiss Standards

To resolve a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019) (quoting *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011)). A complaint survives a motion to dismiss for failure to state a claim if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In deciding a Rule 12(b)(6) motion, the court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings[,] and matters of which judicial notice may be taken.'" *Hu*, 927 F.3d at 88 (quoting *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993)).

Plaintiffs bear the burden of proving that subject matter jurisdiction exists. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). To decide a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all factual allegations, "draw all reasonable inferences in favor of plaintiff[,]" and "may consider evidence outside the pleadings." *Id.* (citations omitted).

## II.    Plaintiffs Fail to State an FLSA Claim

Plaintiffs premise their FLSA claim on a legal theory that is not cognizable.  Courts generally assume that when Congress enacts a statute, it "is not making the application of the federal act dependent on state law" unless there is "a plain indication to the contrary." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 43 (1989) (citation omitted). Courts apply this rule because "federal statutes are generally intended to have uniform nationwide application."  *Id.*  Indeed, the FLSA "'was not designed to codify or perpetuate [industry] customs and contracts' but 'to achieve a uniform national policy' in terms of wages and hours."  *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 57 (2d Cir. 1998) (quoting *Barrentine v. Arkansas–Best Freight Sys., Inc.,* 450 U.S. 728, 741 (1981)).

Plaintiffs allege that, because Defendant compensated Plaintiffs and the employees in the proposed FLSA Collective on a biweekly basis in alleged violation of NYLL § 191's requirement that manual workers be paid weekly, Defendant did not make prompt payment of wages, which violates the FLSA.  Am. Compl. ¶¶ 4–9, 40–46, 60, 70, 79–82.  The FLSA does not contain an explicit requirement that wages be paid on time, but "courts have long interpreted the statute to include a prompt payment requirement."  *Rogers*, 148 F.3d at 55.  Whether the FLSA's prompt payment requirement has been violated is "determined by reference to objective standards."  *Id.* at 58.  Cognizable prompt payment claims typically arise when changes to, or practices regarding, an employee's pay schedule stem from no legitimate business purpose, result in an unreasonable payment delay, or have the effect of evading the FLSA's minimum wage or overtime requirements.  *See id.*; *see, e.g.*, *Mota v. Abalon Exterminating Co., Inc.*, No. 1:22-CV-7602 (MKV), 2024 WL 4202687, at *10 (S.D.N.Y. Sept. 16, 2024) (allegations that workers did not receive paychecks on prescribed paydays required greater specificity to proceed); *Sarit v.*

*Westside Tomato, Inc.*, No. 18-CV-11524 (RA), 2020 WL 1891983, at *5–6 (S.D.N.Y. Apr. 16, 2020) (alleging that defendant switched from a weekly to biweekly payroll because it lacked funds to pay workers and sought to steal wages, payments were missed or deferred, payroll records were inaccurate, and payment was made as late as twelve days after the work was performed); *Inclan v. New York Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 499–500 (S.D.N.Y. 2015) (defendants' *ad hoc* corrections to unlawfully low pay did not meet objective prompt payment standards).

The gravamen of Plaintiffs' FLSA claim is that Defendant's failure to adhere to the NYLL's requirement that manual workers be paid within seven days of the work performed violates the FLSA. *See* Am. Compl. ¶¶ 4–9, 40–46. Standing alone, such allegations are insufficient to state an FLSA claim. Adopting Plaintiffs' position would render the FLSA's prompt pay requirement dependent on the laws of the State in which the given employee works, undermining the general principle that federal laws have uniform nationwide application and the FLSA's goal of a uniform national wage-and-hour policy. *See Holyfield*, 490 U.S. at 43; *Rogers*, 148 F.3d at 57. Plaintiffs have identified a single case, *Cooke v. Frank Brunckhorst Co., LLC*, in which a Magistrate Judge held that the failure to adhere to the weekly pay requirement under NYLL § 191 gives rise to a plausible FLSA claim. 734 F. Supp. 3d 206, 213–16 (E.D.N.Y. 2024). The Court does not find *Cooke* to be persuasive. The holding in *Cooke* was partly grounded on the premise that Congress set a "national floor" in enacting the FLSA and "empowered states to augment protections conferred by the FLSA by statute." *Id.* at 214. That assertion is accurate, insofar as it reflects the express provision of the FLSA that permits more protective state laws, *see* 29 U.S.C. § 218(a), and longstanding Second Circuit precedent holding that certain provisions of the FLSA do not preempt state law, *see Overnite Transp. Co. v. Tianti*,

926 F.2d 220, 221–22 (2d Cir. 1991); *Pettis Moving Co. v. Roberts*, 784 F.2d 439, 441 (2d Cir. 1986).  But it does not follow that simply because a State may provide greater protections to workers than the FLSA does, a violation of those state laws inherently gives rise to an FLSA claim.[3]

Furthermore, the cases *Cooke* cites for the proposition that "[c]ourts in this Circuit have found defendants to have violated the FLSA by failing to issue prompt payment pursuant to NYLL § 191," 734 F. Supp. 3d at 215, either involve reference to objective standards of failure to make prompt payment, *see Rosenbaum v. Meir*, 658 F. Supp. 3d 140, 144, 147–48 (E.D.N.Y. 2023) (alleging unpaid wages were months overdue and missed with no legitimate business purpose); *Beh v. Cmty. Care Companions Inc.*, No. 19-CV-1417-JLS-HBS, 2021 WL 3914297, at *4 (W.D.N.Y. Feb. 1, 2021), *report and recommendation adopted*, No. 19-CV-1417-JLS-HBS, 2021 WL 3914320 (W.D.N.Y. June 23, 2021) (alleging that defendant occasionally deviated from weekly overtime payment policy without any business justification), or do not assess a plaintiff's prompt payment claims under the FLSA, *see Anzures v. Maredin Rest. Corp.*, No. 22-CV-2798-EK-JRC, 2024 WL 1376812, at *15 (E.D.N.Y. Jan. 24, 2024), *report and recommendation adopted*, No. 22-CV-2798(EK)(JRC), 2024 WL 1367963 (E.D.N.Y. Apr. 1, 2024).[4]

Beyond their bare assertion that violating NYLL § 191 necessarily gives rise to an FLSA claim, Plaintiffs fail to allege any facts that would allow the Court to analyze their FLSA claim

---

[3]    Another court in this District has already rejected Plaintiffs' theory where a party "cite[d] no authority for the proposition that an employer's failure to structure his pay schedule to comply with a state-mandated pay-period also constitutes a violation of the FLSA's prompt payment requirement." *Cuzco v. Orion Builders, Inc.*, 262 F.R.D. 325, 333 (S.D.N.Y. 2009).

[4]    Following the completion of briefing, Plaintiffs filed a notice of supplemental authority that references *Espinal v. Sephora USA, Inc.*, No. 22 CIV. 3034 (PAE) (GWG), 2024 WL 4241537 (S.D.N.Y. Sept. 19, 2024), *reconsideration denied*, No. 22 CIV. 3034 (PAE) (GWG), 2024 WL 4751279 (S.D.N.Y. Nov. 12, 2024), but that Opinion addresses only an NYLL claim, and its analysis of the FLSA in order to consider the NYLL in the context in which it was adopted does not suggest that the requirements of the FLSA turn on state law.  *See* Dkt. 29.

"by reference to objective standards." *Rogers*, 148 F.3d at 58. Defendant's motion to dismiss Plaintiffs' FLSA claim is, therefore, GRANTED with prejudice.[5]

### III.    Plaintiffs' FLSA Certification Motion is Denied as Moot

Because the Court is dismissing Plaintiffs' FLSA claim, Plaintiffs' motion, pursuant to 29 U.S.C. § 216(b), for preliminary certification of an FLSA Collective, court-authorized notice, and expedited discovery, is DENIED as moot. *See Jian Ying Lin v. Shanghai City Corp*, 329 F.R.D. 36, 37, 43 (S.D.N.Y. 2018), *aff'd sub nom. Jian Yang Lin v. Shanghai City Corp*, 950 F.3d 46 (2d Cir. 2020); *cf. LaVoice v. UBS Fin. Servs., Inc.*, No. 11 CIV. 2308 KMW JLC, 2013 WL 5380759, at *3 n.6 (S.D.N.Y. Sept. 26, 2013) ("Because the Court has not yet certified a class in this action, dismissal of the named plaintiff's claims requires dismissal of the entire action.").

### IV.    Plaintiffs are Granted Limited Jurisdictional Discovery on CAFA's Home-State Exception

Because the Court has dismissed Plaintiffs' FLSA claim, it no longer has supplemental jurisdiction over their state law claims. *See* Am. Compl. ¶ 34 (asserting federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367). Plaintiffs also allege that the Court has original jurisdiction over their state law claims pursuant to CAFA. *Id.* ¶ 36. Under CAFA, the Court has jurisdiction over Plaintiffs' state law claims only if the NYLL and FWW Classes contain more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B). Defendant argues, however, that the "home-state exception" to CAFA applies. *See* Def. Mem., Dkt. 24, at 7–13. That exception provides that a court "shall decline to exercise

---

[5]    Plaintiffs have already amended their Complaint in response to Defendant's first motion to dismiss, *see* Dkts. 9, 18, and further amendment would be futile as no facts could ever support Plaintiffs' proffered legal theory, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Group, PLC*, 783 F.3d 383, 389 (2d Cir. 2015).

jurisdiction" over a class action brought pursuant to CAFA if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). A court must decline jurisdiction if the home-state exception applies. *See Moore v. IOD Inc.*, No. 14-CV-8406 (VSB), 2016 WL 8941200, at *5 (S.D.N.Y. Mar. 24, 2016).

Plaintiffs allege that Defendant is a citizen of Wisconsin and New Jersey, the States of its incorporation and principal place of business, respectively. *See* Am. Compl. ¶¶ 23–25; Pl. Mem., Dkt. 25, at 5–7. Plaintiffs submitted corporate records from Wisconsin indicating Defendant's "[p]rincipal [o]ffice" is in New Jersey, Am. Compl. Ex. C, and records from New Jersey and New York listing Defendant's main business address and address for service of process as the same location in New Jersey, Am. Compl. Exs. A and B. A page on Defendant's website contains a section titled "Corporate Info" that provides the same New Jersey address. Am. Compl. Ex. D.

H&M, on the other hand, asserts that its principal place of business is in New York. Defendant argues that its "nerve center" is its headquarters in Manhattan, which "is the actual center of direction, control and coordination" for the company. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). In support, H&M filed a Declaration from an employee attesting that the Manhattan headquarters is home to the Regional Manager, Regional Controller, and Legal Counsel who develop Defendant's national strategy and oversee day-to-day operations, financial planning, and legal matters in North America. Declaration of Paul Demeo in Support of Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, Dkt. 23 ("Demeo Decl."), ¶ 4. The major department heads all have offices in New York. *Id.*

Although H&M has made a strong showing that its principal place of business is in New York, absent from its submission is any explanation of the role of the New Jersey office that

Plaintiffs identified in the Amended Complaint.  Where, as here, the record provides "little clarity" regarding where high-ranking employees outside of New York operate and the nature of their responsibilities, in the face of the countervailing allegations by Plaintiffs, "issues of fact preclude a finding as to" the location of Defendant's principal place of business.  *Jackson v. Madison Sec. Grp., Inc.*, No. 21-CV-8721 (JGK), 2022 WL 4538290, at *3 (S.D.N.Y. Sept. 28, 2022) (analyzing applicability of CAFA's local controversy exception).

Because the facts relevant to determining the Court's jurisdiction are within Defendant's knowledge, the Court will order limited jurisdictional discovery.  Defendant's motion to dismiss for lack of subject-matter jurisdiction is denied without prejudice to renewal after jurisdictional discovery.  The scope of discovery is strictly limited to the location of Defendant's principal place of business and the applicability of the home-state exception.[6]

Because "jurisdictional questions ordinarily must precede merits determinations," *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007), the Court will defer reaching the merits of Defendant's motion to dismiss the NYLL and FWW claims until after the Court has ascertained it has jurisdiction; Defendant may renew its motion regarding the merits of the FWW claims alongside any renewed motion to dismiss for lack of subject matter jurisdiction.

---

[6]    The Court agrees with H&M that it can reasonably infer that at least two-thirds of the putative class members are New York citizens.  *See Kurovskaya v. Project O.H.R., Inc.*, 251 F. Supp. 3d 699, 703 (S.D.N.Y. 2017).  The Amended Complaint alleges that all members of each class worked at retail locations in New York.  *See* Am. Compl. ¶¶ 13–14, 16, 20, 47–48.  Although it is reasonable to assume that some members of each class commuted into New York from neighboring states, the Demeo Declaration analyzed company data and concluded that, during the relevant period, 89.3% of New York State store employees and 93.2% of New York City store employees resided only in New York.  Demeo Decl. ¶¶ 6–9.  As part of expedited discovery, Plaintiffs are permitted to request the data to test the conclusions in the Demeo Declaration.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED in part and DENIED in part.  Plaintiffs' FLSA claim is dismissed with prejudice.  Defendant's motion to dismiss the balance of the Amended Complaint is denied without prejudice to renewing the motion upon the completion of jurisdictional discovery.

IT IS HEREBY ORDERED that the Initial Pretrial Conference originally scheduled for Friday, August 16, 2024, and subsequently adjourned *sine die*, Dkts. 16, 28, will take place on **Friday, March 28, 2025, at 10:00 A.M** to address the schedule for jurisdictional discovery.  The conference will be held in Courtroom **20C** of the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007.  By **Thursday, March 20, 2025**, the parties must submit a joint letter proposing an expedited discovery deadline and flagging any issues to be addressed at the conference, as well as indicating whether the parties believe the conference is necessary.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate the open motions at Dkts. 22 and 35.

**SO ORDERED.**

Date:  **March 6, 2025**
       **New York, New York**

           **VALERIE CAPRONI**
        **United States District Judge**